# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| Plaintiff, | : |
| | : NO. 5:19-CV-000126-MTT-CHW |
| VS. | : |
| TIMOTHY WARD, *et al.*, | : |
| Defendants. | : |

## ORDER

Presently pending before the Court are *pro se* Plaintiff Waseem Daker's motions (ECF Nos. 21, 25, 26, 27) to vacate the Court's October 25, 2019 Order, which, among other things, denied Plaintiff's motions for a preliminary injunction. Plaintiff has also filed motions to recuse both the undersigned and United States Magistrate Judge Weigle (ECF Nos. 23, 24), another emergency motion for a preliminary injunction (ECF No. 22), and a motion to expedite the screening required by 28 U.S.C. § 1915A (ECF No. 17). For the following reasons, Plaintiff's motions are **DENIED.**

## ANALYSIS

### I. Motions for Recusal

Plaintiff has filed motions seeking the recusal of both the undersigned and of Magistrate Judge Weigle. Plaintiff's motions to recuse are largely duplicative of one another and are typical of the motions to recuse Plaintiff has filed in most—if not all—of

his other cases pending before the Court.[1]  In his motions in this case, Plaintiff cites to a "history of orders" that "shows a pattern" that the undersigned and Judge Weigle have treated "Mr. Daker disparately and discriminatorily as compared to other cases, and saying anything it can to rubberstamp-dismiss or -deny any and every case he files."  Mot. Recusal 9, ECF No. 23.  Plaintiff further states that the undersigned and Judge Weigle have acted as "surrogate" prosecutors or opposing counsel in deciding issues in Plaintiff's cases.  *See id.* at 11.

Plaintiff bases his motions on 28 U.S.C. § 455.  This statute generally provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The statute also enumerates certain other circumstances requiring a judge to disqualify himself.  *Id.* at § 455(b)(1)-(5).  The thrust of Plaintiff's motions is that the Court is biased against him.  Plaintiff may thus be relying on either subsection (a) or subsection (b)(1).

The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality."  *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted).  In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature."  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted)

---

[1] Plaintiff filed a copy of these same motions in at least one other case pending before the Court, *Daker v. Ward*, 5:19-cv-00365-MTT-CHW (M.D. Ga. Sept. 11, 2019).

(per curiam). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case."). In this case, Plaintiff has not pointed to any specific facts showing that any sort of extrajudicial bias existed, nor has Plaintiff demonstrated that the Court's rulings exhibit "such a high degree of . . . antagonism as to make fair judgment impossible" or that any judge involved in his cases in this district have a bias toward Plaintiff "so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551, 555. While Plaintiff contends there is a pattern of rulings that demonstrate disparate and discriminatory treatment, it is clear that "[r]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice." *See Maret v. United States*, 332 F. Supp. 324, 326 (E.D. Mo. 1971).[2]

---

[2] It should also be noted that many of the cases referenced by Plaintiff in his motion to recuse the undersigned were not actually assigned to (and decided by) the undersigned. *See, e.g., Daker v. Humphrey*, 5:12-cv-00461-CAR-CHW (M.D. Ga. Nov. 20, 2012); *Daker v. Bryson¸* 5:15-cv-00088-CAR-CHW (M.D. Ga. Mar. 16, 2015); *Daker v. Bryson*, 5:16-cv-000538-CAR-CHW (M.D. Ga. Dec. 7, 2016); *Smith v. Owens*, 5:12-cv-00026-WLS-CHW (M.D. Ga. Jan. 24, 2012); *Nolley v. McLaughlin*, 5:15-cv-00149-CAR-CHW (M.D. Ga. Apr. 27, 2015). Plaintiff's rote inclusion of these cases in his motion to recuse the undersigned further indicates Plaintiff's intent to waste judicial resources and frustrate the orderly operation of the Court.

Section 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). Again, Plaintiff has failed to establish any personal or pervasive bias on the part of the undersigned or Judge Weigle, and Plaintiff also fails to identify any specific "disputed evidentiary facts" of which the Court might have knowledge. Any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary fact" that requires recusal. *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999) (per curiam). Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal. *See id.* Plaintiff has not asserted that such knowledge exists here.

Plaintiff further suggests that the undersigned and Judge Weigle acted as "surrogate prosecutors" or "surrogate opposing counsel" in this case because the Court "erroneously assume[d] that Defendants are complying" with the Court's order in *Smith v. Owens*, 5:12-cv-00026-WLS-CHW (M.D. Ga. Jan. 24, 2012). Mot. Recusal 11, ECF No. 244. The Sixth Circuit case cited by Plaintiff for this proposition, *Lyell v. Renico*, is plainly distinguishable. In *Lyell*, the court conditionally granted the petitioner's writ for habeas corpus after finding that the trial judge did not afford the petitioner a fair trial. 470 F.3d 1177, 1187-88 (6th Cir. 2006), *abrogated on other grounds as recognized in English v. Berghuis*, 529 F. App'x 734 (6th Cir. 2013). Among other things, the trial judge in *Lyell* (1) "*sua sponte* interrupted the prosecution to assist it"; (2) "*sua sponte* interrupted [defense

counsel's] questioning in a way that undermined his presentation of the case" without doing the same to the prosecution; (3) "stated or implied her disapproval of [the petitioner's] theory of the case"; (4) "made clear her disapproval" of petitioner's defense counsel by "calling him an actor, a child, silly and a smart aleck"; and (5) "inexplicabl[y]" decided "to issue a contempt order against [petitioner's defense counsel] in front of the jury." *Id.* at 1187. The Court's observation that the order in *Smith* could make it difficult for Plaintiff to demonstrate immediate and irreparable injury absent the grant of an injunction is not comparable. Furthermore, as discussed in more detail below, the Court denied Plaintiff's motion for preliminary injunction for additional reasons, and Plaintiff has not demonstrated that the Court's decision in *Smith* entitles him to anything more than an opportunity to apply for a religious exemption to wear a three-inch beard.

In sum, Plaintiff's contentions that the undersigned and Judge Weigle have not ruled in his favor are not alone sufficient to merit recusal, and Plaintiff has also failed to show that the Court harbors the type of pervasive bias or prejudice against Plaintiff that would otherwise require recusal. Plaintiff's motions for recusal (ECF Nos. 23, 24) are therefore, again, **DENIED.**

II. **Motions to Vacate, for Reconsideration, and for Injunctive Relief**

Plaintiff has also filed several motions pursuant to Federal Rule of Civil Procedure 59(e) to vacate and/or reconsider the Court's order denying preliminary injunctive relief. In addition, Plaintiff has filed a second "emergency" motion for preliminary injunctive relief, seeking an order "enjoining Defendants from physically forcibly shaving Plaintiff pending final disposition of this case[.]" 2d Mot. TRO 1, ECF No. 22. All of these motions

5

are primarily based upon Plaintiff's contention that the Court's intervening decision in *Smith* now require the Court to grant Plaintiff's motion for preliminary injunctive relief.

As Plaintiff has previously been advised, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (holding same). Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted) (alterations in original). The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

Plaintiff contends that the Court's rulings in *Smith* constitute an intervening change in controlling law and that the GDC's alleged failure to comply with the Court's order in *Smith* constitutes new evidence that warrants reconsideration of the Court's prior orders and provides a basis for an order enjoining Defendants from forcibly shaving Plaintiff.

6

Plaintiff's contention, however, is based upon a misunderstanding of the Court's orders in *Smith*. In *Smith*, the Court declared that the GDC's current policy, which "restricts all inmates to a half-inch beard without allowing any religious exemptions," violated RLUIPA "particularly because it does not provide any religious exemptions." Order Den. Stay 6, n.4, ECF No. 264 in *Smith*; *id.* at 18. The Court thus directed the GDC to "modify its grooming policy to allow inmates qualifying for a religious exemption to grow a beard up to three inches in length, said exemption being subject to revocation based on the inmate's behavior and compliance with the revised grooming policy[.]" *Id.* *Smith* does not, however, automatically entitle Plaintiff to a religious exemption that would allow him to grow a three-inch beard. Instead, the Court found that only Lester Smith, the plaintiff who brought that case, was automatically entitled to such an exemption. As to all other inmates, "the Court only requires that GDOC allow for the *potential* . . . to qualify for a religious exemption." *Id.* at 6-7 (emphasis in original). In other words, the *Smith* ruling does not require the GDC to wholly abandon its half-inch beard policy; it simply requires the GDC to modify this policy to provide inmates with an opportunity to apply for a religious exemption.

The Court in *Smith* also did not direct the GDC to immediately modify its policy to include this exemption. The Court instead expressly provided the GDC with the discretion "to determine whether and how an inmate can qualify for an exemption, which procedures to implement to safely allow exemptions for three-inch beards, how to train its staff on new procedures regarding three-inch beards, and a timeframe on when to begin implementing these changes." *Id.* at 6. The Court was also careful to note that it had "not imposed a

7

rushed timeline" and that it was expecting GDC to "thoughtfully determine how best to comply with the Court's orders and the applicable law." *Id.* at 7. And finally, the Court in *Smith* also had no occasion to address the issue of whether prison officials could use reasonable force to enforce their grooming policies.

A close reading of the Court's rulings in *Smith I* therefore shows that, at the very least, the facts are not sufficiently developed to allow this Court to find that Defendants have either violated the terms of the Court's orders in *Smith* or that the rulings in that case should apply to Plaintiff. Plaintiff has not alleged that he has received a religious exemption that would permit him to wear a three-inch beard, and he thus remains subject to the GDC's half-inch beard policy; *Smith I* does not require the GDC to immediately or automatically grant Plaintiff this exemption; and, as previously observed, the Eleventh Circuit has indicated that prison officials are "authorized to use force to enforce the prison's shaving policy" currently in place. *Muhammad v. Sapp*, 494 F. App'x 953, 957 (11th Cir. 2012) (per curiam). Plaintiff has also not alleged that he will not be given the opportunity to qualify for a religious exemption to grow a three-inch beard. Although Plaintiff's requests for this exemption were previously denied, Defendant Ammons responded to one of these requests by stating that the GDOC was "asking the Court to stay the implementation of any changes to the grooming policy until the issues are reviewed by the 11th Circuit Court of Appeals" and that they would "not anticipate approving any special religious requests for three (3) inch beards until the Court has ruled on the stay." Mot. Vacate 6, ECF No. 21. The Court denied the stay on October 18, 2019 (ECF No. 264). Plaintiff has not alleged that he has been denied the opportunity to seek a religious

exemption since that date, despite having the opportunity to do so in motions filed in both November and December of this year (ECF Nos. 25, 26, 27), and as previously noted, GDC has the discretion to implement the exemption process on its own timeline. The *Smith* case thus provides no basis for the Court to either reconsider its previous orders denying injunctive relief or grant Plaintiff's second motion seeking such relief. The Court notes, however, that if Plaintiff wishes to supplement his Amended Complaint to "set[] out any transaction, occurrence or event that happened after the date of the pleading to be supplemented," he may file a motion to supplement in accordance with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(d). Plaintiff's motions for reconsideration and his second emergency motion for injunctive relief (ECF Nos. 21, 22, 25, 26, 27) are therefore **DENIED.**

### III. Motion to Expedite

Plaintiff's motion to expedite the Court's § 1915A screening (ECF No. 17) is **DENIED.** This screening will take place in a reasonably timely manner. Plaintiff is advised that his cases would likely proceed more expeditiously if he would stop filing frivolous and duplicative motions that divert Court resources from any potentially meritorious claims he or any other litigants may have.

### IV. Conclusion

In sum, Plaintiff has failed to establish valid bases for reconsideration of the Court's previous orders denying injunctive relief; for granting Plaintiff's pending motion for injunctive relief; or for recusing either the undersigned or Magistrate Judge Weigle. Plaintiff's motions (ECF Nos. 21, 22, 23, 24, 25, 26, 27) are therefore **DENIED.** The

Court will perform the screening required by 28 U.S.C. § 1915A within a reasonable time, and thus Plaintiff's motion to expedite the same (ECF No. 17) is also **DENIED**. Plaintiff is reminded that the Court's local rules prohibit the filing of motions to reconsider the Court's denial of a previous motion for reconsideration. M.D. Ga. Local R. 7.6.

**SO ORDERED**, this 28th day of January, 2020.

/s/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT