IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WASEEM DAKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-126 (MTT) |
| | ) |
| **TIMOTHY WARD,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Waseem Daker has moved for access to case authorities cited in United States Magistrate Judge Charles H. Weigle's Report and Recommendation (Doc. 41). Doc. 47. Daker has also moved for the United States Marshal to serve his complaint on the defendants. Doc. 48. Daker argues that his incarceration limits his ability to research in order to file an objection to the Magistrate's Recommendation.[1] Doc. 47 at 3. Likewise, he argues that his incarceration limits his ability to hire process servers to serve the defendants. Doc. 48 at 1. However, Daker is not proceeding *in forma pauperis* ("IFP"), and the Court is unaware of any authority mandating that it assist him

---

[1] In one of Daker's other cases in this district, he filed a similar motion asking for the court to provide him with copies of authorities. There, United Stated Magistrate Judge Thomas Q. Langstaff pointed out that Daker has filed approximately twenty cases in the past year asserting a wide range of legal theories and that "Daker's ability to file pleadings in multiple courts in different states, involving diverse causes of action and bases for jurisdiction, and citing appropriate authority … belies his contention that he does not have sufficient access to legal research materials." *Daker v. Davis*, No. 7:19-cv-159-WLS-TQL (M.D. Ga. Sept. 23, 2019), Doc. 16.

by sending him cited authorities or by ordering the Marshal to serve his complaint.[2] The Court notes that the difficulty in researching his case would be remedied by Daker hiring counsel—an option that appears available to him based on his recent willingness to pay filing fees and appeal fees.[3] Clearly, Daker has the means and ability to retain a process server.

Accordingly, the plaintiff's motions for access to case authorities (Doc. 47) and for service by the United States Marshal (Doc. 48) are **DENIED**.

**SO ORDERED**, this 25th day of February, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Rule 4 of the Federal Rules of Civil Procedure gives the Court the discretion to order the United States Marshal to execute service when a plaintiff is not proceeding IFP. Fed. R. Civ. P. 4(c)(3). In its discretion, the Court finds no reason to do so in this case.

[3] In addition to paying both district court and circuit filing fees in this case, some other recent cases in which Daker paid the filing fee include: *Daker v. Dozier*, No. 5:18-cv-245-TES-CHW (M.D. Ga. filed July 9, 2018); *Daker v. Ward*, No. 5:19-cv-365-MTT-CHW (M.D. Ga. filed Sept. 11, 2019); *Daker v. Davis*, No. 7:19-cv-159-WLS-TQL (M.D. Ga. filed Sept. 23, 2019); *Daker v. Ward*, No. 7:20-cv-89-HL-TQL (M.D. Ga. filed May 12, 2020); *Daker v. Ward*, No. 7:20-cv-113-HL-TQL (M.D. Ga. filed June 11, 2020); *Daker v. Alston & Bird, LLP*, No. 1:20-cv-5143-WMR (N.D. Ga. filed Dec. 16, 2020); *Daker v. Redfin Corp., Inc.*, No. 1:20-cv-2561-WMR (N.D. Ga. filed Sept. 1, 2020); *Daker v. Deal*, No. 1:18-cv-5243-WMR (N.D. Ga. filed Nov. 13, 2018); *Daker v. Daker*, No. 1:19-cv-1636-WMR (N.D. Ga. filed April 10, 2019); *Daker v. Holmes*, No. 1:20-cv-1232-WMR (N.D. Ga. filed Mar. 18, 2020); *Daker v. Carr*, 1:20-cv-1679-WMR (N.D. Ga. filed April 20, 2020); *Daker v. Reynolds*, No. 1:20-cv-2650-WMR (N.D. Ga. filed June 22, 2020); *Daker v. Almand*, No. 1:20-cv-2772-WMR (N.D. Ga. filed June 29, 2020); *Daker v. Esmond Adams*, No. 1:20-cv-4130-WMR (N.D. Ga. filed July 27, 2020); and *Daker v. Barnes*, No. 1:20-cv-4131-MLB (N.D. Ga. filed July 27, 2020).

Further, other recent cases in which Daker has paid the full circuit filing fee include: *Daker v. Gov. of Ga.*, appeal docketed, No. 20-13602 (11th Cir. Sept. 22, 2020); *Daker v. Holmes*, appeal docketed, No. 20-13601 (11th Cir. Sept. 22, 2020); *Daker v. Redfin Corp., Inc.*, appeal docketed, No. 20-13598 (11th Cir. Sept. 22, 2020); *Daker v. Warren*, appeal docketed, No. 20-12296 (11th Cir. June 19, 2020); *Daker v. Keaton*, appeal docketed, No. 20-10798 (11th Cir. Feb. 26, 2020); *In re: Waseem Daker*, appeal docketed, No. 19-15089 (11th Cir. Dec. 23, 2019); *Daker v. Ward*, appeal docketed, No. 19-14295 (11th Cir. Oct. 25, 2019); *Daker v. Gov. of Ga.*, appeal docketed, No. 19-13772 (11th Cir. Sept. 24, 2019); *Daker v. Gov. of Ga.*, appeal docketed, No. 19-13592 (11th Cir. Sept. 11, 2019); and *Daker v. Head*, appeal docketed, No. 19-13101 (11th Cir. Aug. 12, 2019).