IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-126 (MTT) |
| | ) |
| TIMOTHY WARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On January 5, 2021, United States Magistrate Judge Charles H. Weigle conducted a screening of Plaintiff Waseem Daker's amended complaint. Doc. 41. The Magistrate Judge recommended allowing Daker's claims related to individual forced shaving incidents to proceed for further factual development, but the Magistrate Judge recommended dismissing without prejudice Daker's other claims. *Id.* at 29-31. Daker was granted an extension to object, and objections were due March 24, 2021. Doc. 49. Daker did not timely object, and the Court adopted the Recommendation on April 1, 2021 after reviewing it for clear error. Doc. 51.

On April 14, 2021, the Court received Daker's objection to the Recommendation. Doc. 53. Daker's signature is dated March 23, 2021, the day before his objection was due. However, Daker does not claim that he delivered his objection to prison authorities on that date or any other date. The "prison mailbox rule" provides that a pro se prisoner's document is deemed filed on the date the prisoner delivers the document to prison authorities for delivery rather than on the date the document is received by the

Court. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). However, this rule does not apply to documents mailed from outside the prison. *Garvey v. Vaughn*, 993 F.2d 776, 782 (11th Cir. 1993).

There is good reason Daker doesn't allege compliance with the prison mailbox rule—he didn't use prison mail. Rather, as he had done previously,[1] Daker sent his objection to the Court via priority mail, and the postmark on the envelope shows it was placed in the mail on April 13, 2021—one day before it was received by the Court. Doc. 53-1. Accordingly, the prison mailbox rule does not apply to Daker's objection because he did not deliver it to prison authorities the day he signed it, or at any other time for that matter. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

However, even had Daker timely objected or even if the Court treated Daker's late objection as a motion for reconsideration, the Court still would adopt the Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Daker's objection and made a de novo determination of the portion of the Recommendation to which he objects. The Court still accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

Accordingly, Daker's only claims going forward are:

1. RLUIPA, First, and Eighth Amendment claims against the GDC, McLaughlin, and Kegler with respect to Daker's forced shaving on June 13, 2018;

2. RLUIPA and First Amendment claims against the GDC and McLaughlin with respect to a disciplinary report concerning Daker's forced shaving on June 13, 2018;

3. RLUIPA and First Amendment claims against the GDC, McLaughlin, Kegler, and Jeffries with respect to Daker's June 2018 Tier II 90-day review;

---

[1] Daker, apart from being an experienced litigator, has dealt with this issue before, and he admitted that he went outside of the prison mail system to have a friend mail his motions for him. *Daker v. Ward*, 5:20-cv-354-TES-CHW (M.D. Ga. April 11, 2021), Doc. 253 at 2.

4. First and Eighth Amendment claims against the GDC, Toole, Perry, Eaddie, Sales, Kegler, Walker, Childs, Black, Pope, Lockett, and Mosley with respect to Daker's forced shaving on September 18, 2018;

5. RLUIPA and First Amendment claims against the GDC, Perry, Sales, Childs, Black, Pope, Lachasity Davis, MSP Guard Hall, and Staten with respect to Disciplinary Report Numbers 777785, 777791, and 777816 concerning Daker's forced shaving on September 18, 2018;

6. RLUIPA and First Amendment claims against the GDC, Perry, Eaddie, Childs, Lockett, Pope, Lachasity Davis, MSP Guard Hall, and Staten with respect to Disciplinary Report Number 777981 concerning Daker's forced shaving on September 18, 2018;

7. RLUIPA, First, and Eighth Amendment claims against the GDC, Toole, Emmons, Derron Jackson, Miles, Forbes, Zirkle, Kern, Watkins, and McCullen with respect to Daker's forced shaving on February 18, 2019;

8. RLUIPA and First Amendment claims against the GDC, Emmons, Leann Smith, Zirkle, Kern, and Richardson with respect to Disciplinary Report Number 797629 concerning Daker's forced shaving on February 18, 2019;

9. RLUIPA and First Amendment claims against the GDC, Emmons, Leann Smith, Kern, and Richardson with respect to Daker's March 2019 Tier II 90-day review; and

10. RLUIPA, First, and Eighth Amendment claims against the GDC, Toole, Emmons, Shropshire, Mims, Pineiro, Miles, VSP CERT Sergeant Hall, Aubrey Williams, Ford, Foster, and Miller with respect to Daker's forced shaving on July 12, 2019.

Daker's remaining claims are **DISMISSED without prejudice**.

**SO ORDERED**, this 26th day of May, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT