IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-126 (MTT) |
| | ) |
| TIMOTHY WARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Plaintiff Waseem Daker has moved the Court to reconsider and vacate its order adopting the Magistrate Judge's Recommendation. Docs. 58; 62. Daker has also renewed his motion for service by the United States Marshal and moved the Court for access to non-collect phone calls and other related relief. Docs. 60; 61. For the following reasons, those motions (Docs. 58; 60; 61; 62) are **DENIED**. Also, Daker's complaint (Doc. 12)[1] is **DISMISSED** without prejudice for failure to serve the defendants

---

[1] As discussed below, the Court ordered Daker to serve the defendants on January 5, 2021. Doc. 41. On April 14, 2021, Daker, without leave of court, filed what he called his "First Amended Complaint." Doc. 52. Actually, he had previously filed an amended complaint in response to an order directing him to recast his complaint so that it could be screened. Doc. 12. That is the complaint that the Court ordered Daker to serve. In anticipation of an argument that the April 14, 2021 *second* amended complaint somehow excuses Daker's failure to serve the operative complaint, the Court notes the following. First, the April 14, 2021 complaint is actually a supplemental complaint because it alleges events occurring after the filing of the operative complaint. Fed. R. Civ. P. 15(d). Supplemental complaints cannot be filed absent leave of court. *Id*. Second, even if the April 14, 2021 complaint is not a supplemental complaint but rather a proposed amended complaint, leave of court was still required. Rule 15(a), as most recently amended, allows an amended pleading as a matter of course within "21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Because Daker never served the operative complaint, the window for filing an amended complaint had not yet opened. *See Stephens v. Atlanta Indep. Sch. Sys.*, 2013 WL 6148099 (N.D. Ga. Nov. 22, 2013); *Jamison v. Long*, 2021 WL 2936132 (M.D. Ga. June 13, 2021); Susan E. Houser, *The 2009 Amendment to Federal Rule 15(a)(1)—A Study in Ambiguity*, 33 North Carolina Central Law Review 10 (2011). Surprisingly, amended Rule 15(a) has received little attention, and the Advisory Committee Notes do not clearly state the reasons for the 21 days after service window to amend as a

pursuant to Federal Rule of Civil Procedure 4(m). Finally, Daker's motion to transfer this case to the Southern District of Georgia (Doc. 54) is **DENIED** as moot.

### A. Daker's Motion for Reconsideration of the Court's Order Adopting the Magistrate Judge's Recommendation

Daker has moved the Court to reconsider its order adopting the Magistrate Court's Recommendation (Doc. 51). Doc. 58. In that order, the Court stated that "Daker had not objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error." Doc. 51 at 1. Daker argues that the Court's standard of review was incorrect because he had objected, but the prison authorities delayed mailing the objection. Doc. 58 at 1. Daker asks the Court to vacate the order and consider his objections. *Id*. at 2. However, it appears that when Daker mailed his motion for reconsideration, he had not yet received the Court's more recent order (Doc. 57). In that order, the Court, having received Daker's late objections, considered the objections and made a de novo determination of the portion of the Recommendation to which he objected. After that de novo review, the Court again adopted the Recommendation. Doc. 57 at 2. Accordingly, because the Court has already

---

matter of course. A potential reason is present here. Under old Rule 15, which allowed a party to amend as a matter of course so long as no responsive pleading had been filed, a clever plaintiff might think he could avoid the consequences of failing to timely serve a complaint by simply filing as a matter of course an amended complaint. But that ploy was not allowed even under the old Rule—The 90-day period to serve a complaint is not reset by the filing of an amended complaint. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (If an amended complaint reset the time for service, a "dilatory plaintiff could evade [Rule 4's] time deadline by taking advantage of the opportunity under Fed. R. Civ. P. 15(a) to amend the complaint and could avoid … altogether the [90-day] deadline by filing an amended complaint when it felt like effecting service."); 6 Wright and Miller, Federal Practice and Procedure § 1137 (3d. ed.). All that is to say that the April 14, 2021 complaint has no bearing on the question of whether the operative complaint should be dismissed for failure to timely serve.

considered Daker's objections, Daker's motion for reconsideration (Doc. 58) is **DENIED**.[2]

### B. Renewed Motion for Service by the United States Marshal

On January 5, 2021, Daker was ordered to serve the defendants. Doc. 41. Daker moved for service by the U.S. Marshal, but the Court, in its discretion, denied Daker's motion. Doc. 50. As of the date of this order, Daker has not served the defendants, despite knowing that it is his responsibility to serve them. Daker has again moved for service to be made by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c). Doc. 60.

Rule 4(c)(3) states that "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Daker argues that he does not have the ability to find the contact information for any process servers, and even if he did, he would not be able to contact them from prison. Doc. 60 at 2. Daker also argues that he does not have anyone to help him contact process servers, and even if he did, he would still need the help of the U.S. Marshal to locate many of the defendants. *Id*. at 3. Daker cites orders granting similar motions from other courts and urges the Court to similarly exercise its discretion. *Id*. at 4-6.

The Court again refuses to exercise its discretion to order the U.S. Marshall to serve Daker's complaint. As noted in the Court's previous order, Daker has shown that he has the financial means to hire an attorney who can assist him in serving the

---

[2] For the same reasons, Daker's subsequent motion to vacate the Court's order adopting the Magistrate Judge's Recommendation (Doc. 62), which like his first primarily complains about prison mail and raises no new arguments, is **DENIED**. Again, the Court considered Daker's late objections and still adopted the Recommendation.

defendants. Doc. 50 at 2. Even when proceeding pro se, Daker has demonstrated that he is capable of perfecting service. *Daker v. State Farm*, No. 1:20-cv-1052-JBM-TSH (C.D. Ill. 2020), Docs. 2; 3; 12 at 1.[3]

### C. Failure to Timely Serve

Daker was ordered to serve the defendants on January 5, 2021. Doc. 41. Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." On February 25, 2021, the Court denied Daker's request for service by the U.S. Marshal. Doc. 50. Three months later, the Court ordered Daker to show cause why his case should not be dismissed for failure to serve and reminded him that "it was [his] responsibility to serve the defendants[.]" Doc. 56.

Daker responded to the Court's show cause order and argued that he does not have the ability to serve the defendants because he is in prison. Doc. 59 at 2-3. That is not true. As noted, Daker has, while in prison, successfully perfected service. *Daker v. State Farm*, No. 1:20-cv-1052-JBM-TSH (C.D. Ill. 2020), Docs. 2; 3; 12 at 1. Daker also argued that "Congress intended for courts to consider factors other than IFP status in exercising [discretion to order the U.S. Marshal to execute service]. Doc. 59 at 6. The Court has not relied solely on the fact that Daker is not proceeding IFP. For example,

---

[3] Daker has also moved for access to non-collect phone calls, directory assistance, and an extension of time to serve the defendants. Doc. 61. Daker was informed on January 5, 2021 that it was his responsibility to serve the defendants, and the Court later denied his request for service by the U.S. Marshal. Docs. 41 at 32; 50. Moreover, the Court noted that Daker has the resources to hire counsel to assist him in serving the defendants. Doc. 50 at 2. Because of the reasons stated Daker's motion for an extension of time to serve his complaint, for access to non-collect phone calls, and for directory assistance (Doc. 61) is **DENIED**.

-5-

the Court considered the fact that Daker is an experienced litigator with the skills, ability, and resources to manage his lawsuits. In short, on January 5, Daker was ordered to serve the defendants, and he since has been told twice that it was his responsibility to serve the defendants. Docs. 41; 50; 56. It has been well over ninety days since the Court ordered Daker to serve his complaint, and he has not shown any legitimate reason for his failure to serve the defendants. Accordingly, Daker has not shown good cause why he has failed to serve the defendants. Thus, Daker's complaint (Doc. 12) is **DISMISSED** without prejudice.[4]

    **SO ORDERED**, this 1st day of October, 2021.

                                                    S/ Marc T. Treadwell
                                                    MARC T. TREADWELL, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT

---

[4] The fact that this Court's previous denial of Daker's request for a preliminary injunction is currently on appeal does not deprive the Court of its jurisdiction to dismiss the case. *Alabama v. U.S. E.P.A.*, 871 F.2d 1548, 1553-54 (11th Cir. 1989).