IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:19-cv-126 (MTT) |
| | ) | CIVIL ACTION NO. 5:22-cv-340 (MTT) |
| TIMOTHY WARD, et al., | ) | CIVIL ACTION NO. 5:22-cv-341 (MTT) |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER

Plaintiff Waseem Daker moves to recuse both the undersigned and United States Magistrate Judge Charles H. Weigle in three cases in this Court. *Daker v. Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70; 72; *Daker v. Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3, 4; *Daker v. Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3; 4.[1]

---

[1] Daker filed a total of seven motions to recuse. Apart from the six filed in the above cases, Daker moved to recuse Judge Weigle in a case assigned to Judge Tilman E. Self; Judge Self denied that motion. *Daker v. Ward*, No. 5:22-cv-343-TES-CHW, Docs. 4; 5. It is clear that Daker, an experienced litigator, copy and pasted from one motion into the six other motions. Each of the seven motions are identical, save a few case citations specific to either the undersigned or Judge Weigle. Daker often engages in such behavior. *See, e.g., Ward*, No. 5:19-cv-126-MTT-CHW, Doc. 28 at 1-2, 2020 WL 448235 at *1 (M.D. Ga. Jan. 28, 2020) (noting that Daker's motions seeking recusal of the undersigned and Judge Weigle were "largely duplicative of one another and are typical of the motions to recuse Plaintiff has filed in most—if not all—of his other cases pending before the Court."); *Daker v. Bryson*, No. 5:15-cv-88-TES-CHW, Doc. 108 at 18, 2019 WL 826474, at *7 (M.D. Ga. Feb. 21, 2019) ("[T]his is the fourth motion for recusal Plaintiff has filed in this case alone, and it is obvious that Plaintiff is filing these motions as a matter of course in his other cases as well—Plaintiff refers to the wrong judges in the presently-pending motion in this action."); *Daker v. Dozier*, No. 5:18-cv-245-TES-CHW, Doc. 13 at 2, 2019 WL 826481, at *1 (M.D. Ga. Feb. 21, 2019) (noting that Daker filed three motions for recusal in that case, filed identical copies of the same motions in other cases, and "recycled portions of previous recusal motions filed in other courts, referring to other judges, and has re-submitted them in this case."); *Daker v. Allen*, No. 6:17-cv-79-JRH-BWC, Doc. 55 at 1 n.1, 2018 WL 9987239, at *1 n.1 (S.D. Ga. Mar. 12, 2018) (observing that Daker "filed identical motions for recusal in two other matters he has brought in this Court."); *In re Daker*, No. 1:16-cv-3745-RWS-CMS, Doc. 26 at 1, No. 1:16-cv-3917-RWS-CMS, Doc. 31 at 1, 2017 WL 6626361, at *1 (N.D. Ga. June 23, 2017) (noting that "[a]mong Daker's thousand-plus filings have been dozens of motions to recuse the Honorable Richard W. Story" that "have repeated a set (or subset) of arguments" concerning recusal.); *see also Daker v. Owens*, No. 6:14-cv-47-RSB-BWC, Doc. 432, 2022 WL 1819104, at *1 (S.D. Ga. May 27, 2022) (entering case management order designed to curb Daker's

Daker moves to recuse under 28 U.S.C. § 455(a) and (b)(1), alleging that the undersigned and Judge Weigle's biases against Daker fuel adverse rulings. *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70; 72; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3; 4; *Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3; 4. Recusal is necessary, according to Daker, because both the undersigned and Judge Weigle are "rubberstamp-dismissing all of Mr. Daker's cases without conscience, integrity to [the] oath of office, or any sense of justice or fairness." *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70 at 2; 72 at 1; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3 at 2; 4 at 1; *Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3 at 2; 4 at 1. He further alleges that, based on the outcomes of his appeals, the undersigned and Judge Weigle are either "incompetent to serve as" federal judges, or are biased against Daker. *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70 at 2; 72 at 2; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3 at 2; 4 at 2; *Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3 at 2; 4 at 2. Graciously, Daker clarifies that he "does not contend" that either the undersigned or Judge Weigle are incompetent. *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70 at 2; 72 at 2; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3 at 2; 4 at 2; *Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3 at 2; 4 at 2. But, according to Daker, the biases of both are so severe that "the public would be better served by deciding [his] cases by a coin toss." *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70 at 2; 72 at 2; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3 at 2; 4 at 2; *Ward*, No. 5:22-cv-341-MTT-CHW,

---

"abusive and vexatious litigation practices," including the making of "filings [that] are often boilerplate, duplicative, and tangential to the merits of his claims."); *Daker v. Owens*, No. 6:14-cv-47-RSB-BWC, Doc. 258 at 3, 2021 WL 569034, at *1 (S.D. Ga. Feb. 16, 2021) (observing that Daker had unnecessarily complicated the case with "non-stop attempts to file motions regarding allegations and legal theories the Court has already addressed but still require attention due to Plaintiff's duplicative and repetitive filings."); *Daker v. Head*, Case No. 5:14-cv-138-MTT-CHW, Doc. 54 at 2, 2019 WL 5727583, at *1 (M.D. Ga. Nov. 5, 2019) (noting "that—as is so often true for Plaintiff—the first 41 pages of Plaintiff's Rule 59(e) motion have been copied, verbatim, from Plaintiff's Objections in this case" and that two additional pages "appear to have been copied and pasted from another of Plaintiff's cases.").

Docs. 3 at 2; 4 at 2.  Moreover, Daker states that the "rubberstamp" dismissals and denials of his claims are because the undersigned and Judge Weigle are "jerk[s], just because [they] can be."  *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70 at 8; 72 at 8; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3 at 8; 4 at 8; *Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3 at 8; 4 at 8.  He characterizes the behavior as "tyrannical and corrupt."  *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70 at 8; 72 at 8; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3 at 8; 4 at 8; *Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3 at 8; 4 at 8.  Because of these biases, Daker asserts that both should recuse and assign his cases to judges who have "a conscience, integrity to [the] oath of office, and a sense of justice."  *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70 at 3; 72 at 3; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3 at 3; 4 at 4; *Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3 at 3; 4 at 4.

      28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  And § 455(b)(1) states that a judge should also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  "While subsection (b) sets forth specific circumstances requiring recusal, which establish the fact of partiality, subsection (a) sets forth a general rule requiring recusal in those situations that cannot be categorized neatly, but nevertheless raise concerns about a judge's impartiality."  *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).

      The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the

judge's impartiality." *Id*. at 1322 (internal quotation marks and citation omitted). "[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam). "As a result … a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality [recusal] motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case."). A plaintiff seeking recusal must offer some "factual evidence of the type of personal bias that would sustain a doubt about [the judge's] impartiality." *Bolin*, 225 F.3d at 1239.

In this case, Daker has failed to point to any specific facts showing that any sort of extrajudicial bias exists, nor has Daker demonstrated that the Court's rulings exhibit "such a high degree of . . . antagonism as to make fair judgment impossible" or that any judge involved in his cases in this district have a bias toward Daker "so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551, 555. All Daker contends is that there is a pattern of rulings that demonstrate disparate and discriminatory treatment. However, it is clear that a court's adverse rulings alone do not demonstrate bias against a party—the party has to provide evidence of something more. But Daker has not done so.[2]

---

[2] The Eleventh Circuit has informed Daker of this requirement. *Daker v. Warren*, 779 F. App'x 654, 658 (11th Cir. 2019) ("The district court judge was not required to recuse without some evidence that he had a

-4-

Similarly, Daker has not shown bias or prejudice under § 455(b)(1). "Recusal under this subsection is mandatory, because the potential for conflicts of interest are readily apparent." *Patti*, 337 F.3d at 1321 (internal quotation marks and citation omitted). "[O]nce it has been established that [bias or prejudice] exists, there can be no dispute about the propriety of recusal." *Id*. at 1322. However, a party cannot establish bias or prejudice by simply pointing to adverse rulings against him or her without more. *Liteky*, 510 U.S. at 553 ("§ 455(b)(1) … contains the 'extrajudicial source' limitation.").

Daker also argues that because other judges have recused from his cases under similar circumstances, the undersigned and Judge Weigle should also recuse. *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70 at 3-6; 72 at 4-6; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3 at 3-6; 4 at 4-6; *Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3 at 3-6; 4 at 4-6. Even if facts supported this argument (*see* footnote 1 and discussion below), no authority suggests that a judge must recuse just because a judge in an unrelated case recused. Moreover, the duty *not* to recuse is no less important than the duty to recuse. *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) ("[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.") (cleaned up). In fact, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id*. (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)).

---

disqualifying personal bias against or interest adverse to Daker."); *Daker v. Robinson*, 694 F. App'x 768, 770 (11th Cir. 2017) (holding that a magistrate judge's prior adverse rulings were not a basis for recusal); *Daker v. United States*, 787 F. App'x 678, 681 (11th Cir. 2019) ("Daker's conjecture that the district court judges might be, or might appear to be, partial was insufficient to warrant their recusal.").

Daker further accuses the undersigned and Judge Weigle of acting as "surrogate prosecutors" because the Court has dismissed some of his claims "without Defendants opposing them and even before Defendants have ever been served in any of Mr. Daker's cases." *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70 at 6; 72 at 6-7; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3 at 6; 4 at 6-7; *Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3 at 6; 4 at 6-7.  But this is so because Daker's complaints are subject to frivolity reviews under 28 U.S.C. § 1915, which dismiss meritless actions by a pro se plaintiff before a defendant's response is due.

Next, Daker alleges, in all three cases, that the undersigned and Judge Weigle have purposefully delayed his cases for *four years*.  *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70 at 8-10; 72 at 9-10; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3 at 8-10; 4 at 9-10; *Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3 at 8-10; 4 at 9-10.  But two of the cases were not filed until September 2022, suggesting yet another "copy and paste" error on Daker's part.  *Ward*, No. 5:22-cv-340-MTT-CHW, Doc. 1; *Ward*, No. 5:22-cv-341-MTT-CHW, Doc. 1.  In Daker's 2019 case, judgment was entered in 2021.  *Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 1; 64.  Daker argues that the unreasonable delay in *Ward*, No. 5:19-cv-126-MTT-CHW is apparent from the undersigned and Judge Weigle's refusal to serve the defendants.  Docs. 70 at 8-10; 72 at 9-10.  But the Court's refusal to serve the defendants was based in law, not in bias or prejudice towards Daker.  *Ward*, No. 5:19-cv-126-MTT-CHW, Doc. 63.

Finally, a general observation is appropriate.  Daker has made "hundreds of frivolous, unfounded allegations of judicial bias and/or hostility," leading one court to conclude that "it appears possible that [Daker] has sought the recusal of every judge

that has ruled against him." *Daker v. Almand*, No. 1:20-cv-2772-WMR, Doc. 14 at 7, 2021 WL 790906, at *3 (N.D. Ga. Jan. 14, 2021).  Despite this onslaught, the courts have uniformly rejected the same arguments Daker makes here.  *See, e.g., Daker v. Ward*, No. 6:22-cv-72-JRH-CLR, Doc. 7 at 2, 2022 WL 17627833, at *1 (S.D. Ga. Dec. 13, 2022) (denying motion to recuse in which Daker alleged the judge must have delayed ruling on his cases because the judge was "incompetent," "extremely lazy and has no work ethic," or was "intentionally stalling Plaintiff's cases 'without conscience, integrity to his oath of office, or any sense of justice'"); *Ward*, No. 5:19-cv-126-MTT-CHW, Doc. 28 at 4, 2020 WL 448235, at *2 (rejecting contention that judge was acting as a "surrogate prosecutor" and distinguishing the same case cited for that proposition as in Daker's motions in this case); *Allen*, No. 6:17-cv-79-JRH-BWC, Doc. 55 at 2 n.2, 4, 2018 WL 9987239, at *1 n.2, *2 (rejecting contention that recusal was warranted because judge was acting as "surrogate prosecutor" or "rubberstamp-dismissing" cases and finding that "Plaintiff's allegations stem solely from his disagreements" with the court's rulings); *see also Owens*, No. 6:14-cv-47-RSB-BWC, Doc. 258 at 5, 2021 WL 569034, at *2 (internal citation omitted) ("Plaintiff's view [on recusal] is fundamentally wrong, frivolous, and has been rejected by numerous courts on numerous occasions … Despite these rejections, Plaintiff fails (or more likely refuses) to comprehend the standard for recusal."); *In re Daker*, No. 1:16-cv-3917-WMR, Doc. 31 at 2, 2017 WL 6626361, at *1 (noting that Daker had "litigated and relitigated in multiple cases essentially the same allegations and arguments ... none of which warrants recusal, for

reasons already thoroughly explained to Daker by the Eleventh Circuit and this Court.").[3]

Courts repeatedly have found Daker's recusal motions to be frivolous and abusive. *Daker v. Deal*, No. 1:18-cv-5243-WMR, Doc. 57 at 6-7 (N.D. Ga. Aug. 4, 2020) (observing that "Daker files motions to recuse the presiding district and magistrate judges assigned to his cases as a matter of course, despite the fact that the motions are frivolous and he has been repeatedly told that he has not met the standard for recusal based on his contention that the judges are biased against him because they do not rule in his favor."); *In re Daker*, Nos. 1:14-cv-3180-RWS, Doc. 117 at 1, 1:14-cv-3929-RWS, Doc. 60 at 1, 1:16-cv-4501-RWS, Doc. 18 at 1, 2018 WL 9986853, at *1 (N.D. Ga. July 20, 2018) (stating that "Daker has further 'abused the system' by repeatedly filing recusal motions, including thirteen such motions in the three habeas corpus cases listed in the caption."); *Daker v. Poff*, No. 4:16-cv-158-JRH-CLR, Doc. 11 at 2, 2016 WL 9225031, at *1 (S.D. Ga. Aug. 10, 2016) (describing motions "to recuse the entire district, and to recuse the undersigned" as "patently frivolous"). And this Court has warned Daker that his "repeated recycling of arguments that have already been thoroughly considered and rejected is likely sanctionable conduct pursuant to Federal Rule of Civil Procedure 11." *Head*, No. 5:14-cv-138-MTT-CHW, Doc. 54 at 3, 2019 WL 5727583, at *2; *see also Bryson*, No. 5:15-cv-88-TES-CHW, Doc. 108 at 5, 2019 WL 826474, at *2 (noting that Daker's "repackaging and refiling of the same

---

[3] Even when granting Daker's recusal motion in the Northern District, the court was careful to note that Daker's motions were "essentially based on his disagreement with this Court's past rulings and do not relate to any sort of extra-judicial source," and therefore Daker had "not shown sufficient bias or prejudice to demonstrate that recusal is appropriate on this basis alone." *Daker v. Warren*, No. 1:14-cv-3180-WMR, Doc. 155 at 2-3 (N.D. Ga. Mar. 30, 2022) (recusing after acknowledging that "a change seems to be prudent here."); *Daker v. Keaton*, No. 1:16-cv-3745-SDG, Doc. 73 at 3 (N.D. Ga. Mar. 31, 2022) (Magistrate Judge recusing "[o]ut of an abundance of caution and for the reasons stated by Judge Ray.").

documents is abusive and perhaps worthy of … sanctions."). Still, Daker continues to file meritless and repetitive motions that serve only to waste judicial resources that could be devoted to the claims he says he wants to pursue.

In sum, Daker has failed to demonstrate that the undersigned or Judge Weigle have ruled against him because of pervasive bias or prejudice. Accordingly, Daker's motions for recusal (*Ward*, No. 5:19-cv-126-MTT-CHW, Docs. 70; 72; *Ward*, No. 5:22-cv-340-MTT-CHW, Docs. 3, 4; *Ward*, No. 5:22-cv-341-MTT-CHW, Docs. 3; 4) are **DENIED**.

**SO ORDERED**, this 24th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT