**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **WASEEM DAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:19-cv-126 (MTT)** |
| | ) | |
| **TIMOTHY WARD, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

The Eleventh Circuit affirmed in part and remanded in part the Court's October 1, 2021 Order (Doc. 63) after a determination that the Court failed to adequately consider whether circumstances warranted an extension of time to allow for plaintiff Waseem Daker to effect service.  Doc. 68.  The Court ordered the parties to file supplemental briefs on the issue by January 6, 2023.  Doc. 69.  The defendants failed to do so, but Daker filed a supplemental brief on January 19, 2023.  Doc. 75.

The Court previously found that Daker did not demonstrate good cause for his failure to timely serve.  Doc. 63 at 4-5.  Daker was ordered to serve the defendants on January 5, 2021.  Doc. 41.  Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  On February 25, 2021, the Court denied Daker's request for service by the U.S. Marshal.

Doc. 50.  Three months later, the Court ordered Daker to show cause why his case should not be dismissed for failure to serve and reminded him that "it was [his] responsibility to serve the defendants."  Doc. 56.

Daker responded to the Court's show cause order and argued that he did not have the ability to serve the defendants because he is in prison.  Doc. 59 at 2-3.  That was not true.  Daker has, while in prison, successfully perfected service.  *Daker v. State Farm*, No. 1:20-cv-1052-JBM-TSH (C.D. Ill. 2020), Docs. 2; 3; 12 at 1.  Daker also argued that "Congress intended for courts to consider factors other than IFP status in exercising" discretion to order the U.S. Marshal to execute service.  Doc. 59 at 6.  In finding that Daker did not demonstrate good cause, the Court did not rely solely on the fact that Daker was not proceeding IFP.  Doc. 63 at 4-5.  For example, the Court considered the fact that Daker is an experienced litigator with the skills, ability, and resources to manage his lawsuits.  *Id*.  In short, Daker was ordered to serve the defendants, and was then told twice that it was his responsibility to serve the defendants.  Docs. 41; 50; 56.  It had been over ninety days since the Court ordered Daker to serve his complaint when it determined he had not shown good cause, and he had not, and still has not, shown any legitimate reason for his failure to serve the defendants.  Doc. 63 at 5.  Thus, Daker failed to show good cause why he failed to serve the defendants.  *Id*.

But "even when a plaintiff cannot demonstrate good cause, the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case."  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (internal quotations marks and citation omitted).  These circumstances include "where

the statute of limitations would preclude refiling, or where the defendant evades service or hides a problem with attempted service." *Id*. (citing Fed. R. Civ. P. 4(m) Advisory Note).

Here, the Court's Order dismissed Daker's First Amendment, Eighth Amendment, and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims regarding (1) alleged incidents that took place on June 13, 2018, September 18, 2018, February 18, 2019, and July 12, 2019, and (2) his Tier II 90-day reviews in June 2018 and March 2019.  Docs. 12; 41 at 4-5; 51 at 1-2; 63 at 5.  "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."  *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  And Georgia has a two-year statute of limitations for personal injury actions.  O.C.G.A. § 9-3-33.  Therefore, at the time of the Court's Order—October 1, 2021—Daker's § 1983 First and Eighth Amendment claims were effectively dismissed with prejudice.

In contrast, "a civil action arising under an Act of Congress … may not be commenced later than 4 years after the cause of action accrues."  28 U.S.C. § 1658.[1] Thus, on October 1, 2021, Daker's RLUIPA claims were not effectively dismissed with prejudice: his June 2018 Tier II 90-day review was not time barred until June 2022; the first two incidents were not time barred until June 13, 2022 and September 18, 2022, respectively; and he still has until February 18, 2023, March 2023, and July 12, 2023 to refile a complaint alleging RLUIPA violations related to the last two incidents and his

---

[1] The Eleventh Circuit has not addressed whether the § 1983 statute of limitations also applies to RLUIPA claims.

March 2019 Tier II 90-day review.  Nonetheless, the Court assumes, for purposes of this Order, that if Daker's complaint is dismissed, all claims in the complaint would effectively be dismissed with prejudice.

Daker argues an extension of time and the Court's assistance were warranted because he does not have access to the defendants' addresses,[2] he is incarcerated, and he does not have a friend to help him.  Doc. 75 at 10-19.  The Court has addressed and rejected these arguments.  Docs. 50; 63.  An individual's incarceration does not automatically require courts to assist in service, unless that individual is proceeding *in forma pauperis*—which Daker was not.  Fed. R. Civ. P. 4(c)(3).  As previously noted, Daker is a particularly litigious individual.  *See* Docs. 50 at 2 ("Clearly, Daker has the means and ability to retain a process server."), 2 n.3; 63 at 4 ("Even when proceeding pro se, Daker has demonstrated that he is capable of perfecting service."); 77 at 1 n.1, 6-9.  The Court believes Daker can use his resources to obtain a process server, and his abilities to determine the defendants' addresses.  Although Daker claims he no longer has access to his "free-world (non-incarcerated) friend" who previously assisted him with service, it appears that his original motion for service (Doc. 42) was mailed from Atlanta.  Docs. 42-1 (origin 30328 zip code); 63 at 4; 75 at 15-16.  If Daker had someone to help him file that motion, it is unclear to the Court why that same person could not have instead served the defendants, or at least gathered their addresses. Finally, the Court is confident that Daker has access to mail services considering his numerous filings in all three federal districts in Georgia.  He could use his resources and his access to mail to contact and hire a process server or counsel, which is what the

---

[2] The Court notes that Daker admits he has the address for at least one defendant, the Georgia Department of Corrections.  Doc. 75 at 15.

Court previously advised him to do.  Doc. 63 at 3-4.  Daker's real problem here is that he stood on his insistence that the Court order the U.S. Marshal to serve the defendants.  He had ample time and opportunity to perfect service after the Court denied that request.  Daker's predicament is entirely due to his intransigence.

The Court has carefully considered the fact that the dismissal of Daker's complaint for failure to timely serve will effectively preclude the refiling of some claims and has again carefully considered all relevant circumstances.  The Court finds no circumstance warrants an extension of time to perfect service.  Accordingly, Daker's complaint (Doc. 12) is again **DISMISSED** for failure to serve the defendants.  Moreover, Daker's motion for a subpoena (Doc. 71), motion to expedite proceedings (Doc. 73), and motion for service (Doc. 74) are **TERMINATED as moot**.

**SO ORDERED**, this 6th day of February, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT